UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,                                    Case No.:

                           Plaintiff,

            - against -                                                    **COMPLAINT**

RAMINDESIGN, LLC, RAMINDESIGN+DEVELOPMENT,
LLC, and JACEK SKARZYNSKI,

                         Defendants.
-------------------------------------------------------------------------------X

       Plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Chartwell Law, as and for its complaint against defendants, Ramindesign, LLC ("Ramindesign"), Ramindesign+Development, LLC ("Development"), and Jacek Skarzynski, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

       1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §2201. Mt. Hawley seeks a judgment declaring that it has no duty to defend or indemnify Ramindesign and Development (collectively, the "Ramindesign Entities") in connection with counterclaims asserted by Jacek Skarzynksi. Those counterclaims are part of an underlying action commenced by Ramindesign against Jacek Skarzynksi and Olga Skarzynski (the "Skarzynskis"), which are pending in the United States District Court, Southern District of Florida, Case No. 23-cv-24838 (JAL) (the "Underlying Action").

## JURISDICTION AND VENUE

       2.     At all times hereinafter mentioned, Mt. Hawley is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business located at 9025 North Lindbergh Drive in Peoria, State of Illinois.

3.      Mt. Hawley issued a commercial general liability policy of insurance to Ramindesign, bearing policy number MGL0194719, which was effective from December 20, 2021 to February 23, 2024 (the "Mt. Hawley Policy").

4.      At all times hereinafter mentioned, Ramindesign is a limited liability company organized and existing under the laws of the State of Florida, with a principal place of business located at 18101 Collins Ave., Sunny Isles Beach, Florida 33139.

5.      At all times hereinafter mentioned, Development is a limited liability company organized and existing under the laws of the State of Florida, which a principal place of business located at 2775 Sunny Isles Boulevard, Suite 118, North Miami Beach, Florida 33160.

6.      Upon information and belief, Ramindesign is comprised of two members, Ramin Aleyasin, who is an individual residing in the State of Florida, and Development.

7.      Upon information and belief, Development is comprised of a single member, Aleyasin.

8.      At all times hereinafter mentioned, Jacek Skarzynski is an individual residing in the State of New York.

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000, exclusive of costs.

10.      Ramindesign Entities are subject to personal jurisdiction pursuant to New York General Obligations Law §§5-1401 and 5-1402.

11.      Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391.

## JACEK SKARZYNSKI AS A NOMINAL PARTY

12.     Pursuant to Federal Rules of Civil Procedure, Rule 19, Jacek Skarzynski is named only as a nominal party herein, since any judgment in this action regarding insurance coverage may affect his rights in the Underlying Action.

## SUBSTANTIVE ALLEGATIONS

### A.     The Underlying Action

13.     On or about December 21, 2023, Ramindesign commenced the Underlying Action against the Skarzynskis, by filing a complaint in the United States District Court, Southern District of Florida (the "Complaint"). The Complaint was assigned case no. 23-cv-24838 (JAL).

14.     On or about January 5, 2024, Ramindesign filed an amended complaint in the Underlying Action (the "Amended Complaint"), a copy of which is annexed hereto as **Exhibit "A"**.

15.     In the Amended Complaint, Ramindesign alleges that it is engaged in the business of developing luxury homes.

16.     In the Amended Complaint, Ramindesign alleges that on or about February 15, 2021, the Skarzynskis purchased premises located at 1413 North Venetian Way, Miami, Florida 33139 (the "Premises") for approximately $5,950,000.

17.     In the Amended Complaint, Ramindesign alleges that on January 27, 2022, it entered into a construction contract with the Skarzynskis to plan, develop and manage the construction of a single-family home at the Premises (the "Agreement").

18.      In the Amended Complaint, Ramindesign alleges that pursuant to the Agreement, the Skarzynskis agreed to pay $6,500,000 to Ramindesign to design and construct the Premises,

with escalators built into the Agreement that permitted the price to increase based on the costs of materials.

19.     In the Amended Complaint, Ramindesign alleges that the Skarzynskis also agreed to pay Ramindesign a fee equal to 20% of the construction costs for the Premises, irrespective of any adjustments to the construction costs.

20.     In the Amended Complaint, Ramindesign alleges that its construction on the Premises continued until on or about December 15, 2023, when the Skarzynskis terminated the Agreement.

21.     In the Amended Complaint, Ramindesign alleges that prior to their termination of the Agreement, the Skarzynskis refused to pay the full amount of its fee and costs for its construction of the Premises, leaving over $1,000,000 due and owing to Ramindesign.

22.     In the Amended Complaint, Ramindesign asserts causes of action against the Skarzynskis sounding in breach of contract, equitable fee adjustment under the Agreement, unjust enrichment, quantum meruit and for an equitable lien on the Premises.

23.     On or about April 26, 2024, the Skarzynskis responded to the Amended Complaint by filing an answer (the "Answer").

24.     In the Answer, Jacek Skarzynski asserted counterclaims against Ramindesign relating to its work at the Premises.

25.     On or about May 31, 2024, the Skarzynskis filed an amended answer in the Underlying Action (the "Amended Answer").

26.     In the Amended Answer, Jacek Skarzynski asserted counterclaims against Ramindesign and third-party claims against Development, LHF Construction, Inc. ("LHF") and Larry Feder ("Feder").

27.    On or about October 30, 2024, the Skarzynskis filed a second amended answer in the Underlying Action (the "Second Amended Answer"), a copy of which is annexed hereto as **Exhibit "B"**.

28.    In the Second Amended Answer, Jacek Skarzynski asserted counterclaims against Ramindesign, and third-party claims against Development, LHF and Feder (collectively the "Counterclaims"). See **Exhibit "B"**

29.    In his Counterclaims, Jacek Skarzynski alleges that he is the owner of the Premises.

30.    In his Counterclaims, Jacek Skarzynski alleges that on January 27, 2022 he entered into the Agreement with Ramindesign to construct a home at the Premises.

31.    In his Counterclaims, Jacek Skarzynski alleges that neither Ramindesign nor its principal, Aleyasin, were licensed to perform general contracting services in the State of Florida.

32.    In his Counterclaims, Jacek Skarzynski alleges that Ramindesign improperly utilized LHF and Feder to obtain permits for Ramindesign's construction at the Premises and to supervise and oversee the construction at the Premises.

33.    In his Counterclaims, Jacek Skarzynski alleges that neither LHF nor Feder supervised, managed, oversaw or controlled the construction at the Premises.

34.    In his Counterclaims, Jacek Skarzynski alleges that following the termination of the Agreement, he discovered non-conformities and deficiencies with Ramindesign's work at the Premises.

35.    In his Counterclaims, Jacek Skarzynski alleges that Ramindesign, LHF and Feder failed to comply with the applicable standard of care in their construction at the Premises.

36.    In his Counterclaims, Jacek Skarzynski alleges that due to Ramindesign, LHF and Feder's improper construction at the Premises he was forced to expend additional monies to complete and remediate the work at the Premises.

37.    In his Counterclaims, Jacek Skarzynski alleges that Ramindesign and Development were required to use Boffi materials for its construction at the Premises.

38.    In his Counterclaims, Jacek Skarzynski alleges that following the termination of the Agreement, Ramindesign and/or Development received Boffi materials paid for by Jacek Skarzynski.

39.    In his Counterclaims, Jacek Skarzynski alleges that Ramindesign and/or Development also removed Boffi materials from the Premises prior to the termination of the Agreement.

40.    In his Counterclaims, Jacek Skarzynski alleges that Ramindesign and/or Development have refused to release the Boffi materials to him.

41.    In his Counterclaims, Jacek Skarzynski alleges causes of action against Ramidesign sounding in breach of contract, accounting, negligence, civil theft and conversion.

42.    In his Counterclaims, Jacek Skarzynski alleges causes of action against Development sounding in civil theft and conversion.

43.    In his Counterclaims, Jacek Skarzynski seeks compensatory damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest and the costs and expenses of the Underlying Action.

44.    Mt. Hawley is providing a defense to the Ramindesign Entities for the Counterclaims under a reservation of rights.

**B.    <u>The Mt. Hawley Policy</u>**

45.     Mt. Hawley issued the Mt. Hawley Policy to Ramindesign, bearing policy number MGL0194719, which was effective from December 20, 2021 to February 23, 2024.

46.     Subject to all of its terms, conditions, exclusions and limitations, the Mt. Hawley Policy's Insuring Agreement under Coverage A provides coverage for damages Defendants are legally obligated to pay because of "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence."

47.     Development is neither an insured nor an additional insured under the Mt. Hawley Policy.

48.     The Mt. Hawley Policy contains the Service of Suit and Conditions Endorsement, which states in relevant part:

**Conditions**

**1.**     This Policy is amended to add the following Conditions:

   **AA.    Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

   **BB.    Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

49.     The Mt. Hawley Policy contains an exclusion for Expected Or Intended Injury, which states in relevant part:

   This insurance does not apply to:

### a.    Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

50.    The Mt. Hawley Policy contains an exclusion for Damage To Property, which states in relevant part:

This insurance does not apply to:

* * *

### j.    Damage To Property

"Property damage" to:

**(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

51.    The Mt. Hawley Policy contains an exclusion for Damage To Your Product, which states in relevant part:

This insurance does not apply to:

* * *

### k.    Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

52.    The Mt. Hawley Policy contains an exclusion for Damage To Your Work, which states in relevant part:

This insurance does not apply to:

* * *

l.      **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor

53.     The Mt. Hawley Policy contains an exclusion for Damage To Impaired Property Or Property Not Physically Injured, which states in relevant part:

This insurance does not apply to:

* * *

m.      **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

54.     The Mt. Hawley Policy contains the Breach of Contract Exclusion Endorsement, which states in relevant part:

This insurance does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," "personal injury," or "advertising injury" arising directly or indirectly out of the following:

a.      Breach of express or implied contract;

  b.  Breach of express or implied warranty;

  c.  Fraud or misrepresentation regarding the formation, terms or performance of a contract; or

  d.  Libel, slander or defamation arising out of or within the contractual relationship.

55.  The Mt. Hawley Policies contain the endorsement titled "Contractors Conditions of Coverage Endorsement", Form No. CGL 102A (05/21), which states:

> We [Mt. Hawley] shall have no obligation to defend or indemnify any insured for any "bodily injury," "property damage," or "personal and advertising injury" arising in whole or in part or directly or indirectly from work by a "contractor" regardless of whether the liability alleged against any insured is direct, vicarious, independent, or otherwise, unless each and every one of the following conditions is satisfied:

> **1.**  Certificates of insurance are obtained from each and every "contractor" prior to commencement of such "contractor's" work listing primary commercial general liability coverage with limits equal to or greater than $1,000,000 per occurrence for "bodily injury" and "property damage", $1,000,000 "personal and advertising injury", $2,000,000 general aggregate, and $1,000,000 products-completed operations aggregate. Certificates of insurance must be obtained showing such primary commercial general liability coverage in effect at all times during which the work is performed.

> **2.**  A written agreement is obtained from each and every "contractor" which hold harmless and indemnify each and every insured under this policy against whom the claim is made for all injuries, damages, claims, and suits arising in whole or in part or directly or indirectly from the "contractor's" work (including ay work performed by the "contractor's" subcontractors or sub-subcontractors). Such agreement must expressly provide indemnification to the maximum extent permitted by law. Such agreement must be signed by the parties to the agreement prior to the "occurrence" or offense.

> **3.**  The written agreement required in condition **2.** above must require that the "contractor" obtain additional insured coverage under the "contractor's" primary commercial general liability policy for each and every insured against whom a claim is made for ongoing and completed operations. Such agreement must be signed by the parties to the agreement prior to the date of the "occurrence" or offense. Such agreement must require limits of additional insured coverage equal to or greater than the limits listed in

condition **1.** above. Such agreement must state that the additional insured coverage is to be primary and noncontributory.

As used in this endorsement only, "contractor" means any person or entity that any insured hires or contracts with for the performance of any work including but not limited to, construction, renovations, maintenance, service (including, but not limited to, snow removal and landscaping), installation, repairs, or provision of security, regardless of where such work is performed, and regardless of whether such person or entity is described as a "contractor", construction manager, general contractor, subcontractor, vendor, supplier, materialman, service provider, security guard, or by any other term.

In determining the applicability of and compliance with this endorsement with respect to our duty to defend or indemnify any insured, we shall have the right to examine and rely upon information and documents extrinsic to the allegations in any pleading filed in a "suit". If all the terms of this endorsement have not been complied with, we shall have no duty to defend or indemnify any entity or individual that qualifies or may qualify as an insured or additional insured under this policy.

56.     By letter dated December 13, 2024, Mt. Hawley agreed to provide a defense to the Ramindesign Entities in the Underlying Action in connection with the Counterclaims under a reservation of rights.

## AS AND FOR A CLAIM FOR RELIEF AGAINST
## <u>RAMINDESIGN, LLC AND RAMINDESIGN+DEVELOPMENT, LLC</u>

57.     Mt. Hawley repeats and reiterates the allegations contained in paragraphs "1" through "56" as if more fully set forth herein

58.     The allegations in the Counterclaims do not constitute an "occurrence" under the Mt. Hawley Policy.

59.     The Mt. Hawley Policy's Expected Or Intended Injury Exclusion precludes coverage for the allegations asserted in the Counterclaims.

60.     The Mt. Hawley Policy's Damage To Property Exclusion precludes coverage for the allegations asserted in the Counterclaims.

61.    The Mt. Hawley Policy's Damage To Your Product Exclusion precludes coverage for the allegations asserted in the Counterclaims.

62.    The Mt. Hawley Policy's Damage To Your Work Exclusion precludes coverage for the allegations asserted in the Counterclaims.

63.    The Mt. Hawley Policy's Damage To Impaired Property Or Property Not Physically Injured Exclusion precludes coverage for the allegations asserted in the Counterclaims.

64.    The Mt. Hawley Policy's Breach of Contract Exclusion Endorsement precludes coverage for the allegations asserted in the Counterclaims.

65.    The Ramindesign Entities retained numerous contractors to perform work at the Premises.

66.    The Ramindesign Entities failed to obtain certificates of insurance from each and every one of their contractors prior to commencement of such contractor's work.

67.    The Ramindesign Entities' failure to obtain certificates of insurance from their contractors violates the Policy's Contractors Condition of Coverage Endorsement.

68.    The Ramindesign Entities failed to obtain written agreements executed by their contractors that require such contractors to defend and indemnify the Ramindesign Entities for claims and suits arising directly or indirectly from the contractors' work.

69.    The Ramindesign Entities' failure to obtain written hold harmless agreements from their contractors violates the Policy's Contractors Condition of Coverage Endorsement.

70.    The Ramindesign Entities failed written agreements executed by their contractors that require such contractors to procure primary and non-contributory additional insured coverage for ongoing and completed operations on the Ramindesign Entities' behalf under the contractors' primary commercial general liability policies.

71.     The Ramindesign Entities' failure to obtain written agreements requiring the contractors to procure primary and non-contributory additional insured coverage on the Ramindesign Entities' behalf violates the Policy's Contractors Condition of Coverage Endorsement.

72.     Development does not qualify as a named insured or additional insured under the Mt. Hawley Policy.

73.     Mt. Hawley is therefore entitled to a judgment declaring that it has no obligation to defend or indemnify the Ramindesign Entities in the Underlying Action, and that Mt. Hawley is entitled to withdraw from the defense of the Ramindesign Entities in the Underlying Action.

**WHEREFORE**, Mt. Hawley is entitled to:

a.      A judgment declaring that Mt. Hawley does not have a duty to defend or indemnify Ramindesign and Development in connection with the Counterclaims asserted in the Underlying Action and that Mt. Hawley may withdraw from Ramindesign's and Development's defense; and

b.      For such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         March 19, 2025

                                        **CHARTWELL LAW**

                              By:
                                        Matthew Kraus, Esq.
                                        *Attorneys for Plaintiff*
                                        *Mt. Hawley Insurance Company*
                                        One Battery Park Plaza, Suite 710
                                        New York, New York 10004
                                        P: (212) 968-2300
                                        mkraus@chartwelllaw.com